13408

BARTON v. SCOTT

(164 S. E., 129)

*Mr. E. E. Cooley,* for appellant,

492

*Mr. D. B. Stover,* for respondent,

May 12, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

For a statement of this case the Court adopts the agreed statement of counsel, set forth in the transcript of record, as follows:

"This action was commenced by service of summons and complaint on February 24, 1930, and was based upon a money demand for $408.00 arising out of the alleged sale of a secondhand Ford automobile on September 15, 1920. The case was tried during the December, 1930, term of the Court of Common Pleas for Anderson County and resulted in a verdict by the jury in favor of defendant. The evidence was conflicting. The plaintiff was represented by Dakyns B. Stover, Esq., of Greenville, S. C., and the defendant by C. E. Cooley, Esq., of Anderson, S. C. Immediately after the jury retired to consider the case Mr. Stover left the courtroom and returned to Greenville. Before he left he asked Mr. Cooley to let him know the result after the jury returned their verdict. After the noon recess the jury returned a verdict in favor of the defendant. The Court thereupon discharged the jury and called another case. Mr. Cooley was present in Court when the verdict was rendered and remained in Court until after the Court took up the next case, whereupon he went to his office and immediately wrote to Mr. Stover advising him of the result. Mr. Stover was not present when the verdict was returned or at any time subsequent thereto.

"Some days later Mr. Cooley made up, with the assistance of the clerk, a taxation of costs and forwarded the same by mail, together with the proper notice, to Mr. Stover at

Greenville for acceptance of service. A day or two later he received the return of the same by mail from Mr. Stover, together with a letter to the effect that he was returning the same without accepting service because he had been informed that a new trial had been granted on his motion noted over the telephone. No motion for new trial was ever made in Court by Mr. Stover or any other person, no hearing was had thereon, Mr. Cooley was never notified, and had no knowledge that a new trial was desired or would be asked for or had been granted until he received the letter from Mr. Stover. No effort was ever made to notify him, and he was accorded no opportunity to be heard. An order purporting to grant a new trial on motion of the plaintiff is on file in the office of the Clerk, but the same was never served on Mr. Cooley and he had no knowledge or notice thereof until after the same was passed and until after he had received the letter from Mr. Stover and had made a search in the office of the Clerk for the order.

"In due time notice of intention to appeal from said order was given on behalf of defendant and defendant does now appeal therefrom upon the exceptions hereinafter set out."

The appellant in his brief makes the following statement as to the questions raised by the exceptions: "The only point raised by this appeal is the validity of an order granting a new trial on an ex parte motion of plaintiff's attorney made over the telephone after the case had been dispose of and after the Court had passed on to other business, and without notice to defendant's attorney of the making of said motion or the hearing thereof and without according him an opportunity to be heard."

The pratcice that obtains, and is generally adhered to, in the trial of jury cases in the Court of Common Pleas in this State, is for counsel, desiring to make a motion for a new trial, when the jury has returned a verdict, to at that time, before the jury is disbanded, request the trial Judge to note on the minutes of the Court a motion for a new trial, and it

is, further, the practice for the trial Judge, before granting such motion, to afford opposing counsel an opportunity to be heard. While this is the practice that obtains in this State, and it is well to follow it, we think that, under the circumstances set forth in this case, it was permissible for the trial Judge to note a motion for a new trial at the request of counsel made over the telephone. However, opposing counsel was certainly entitled to notice of such motion, and, in our opinion, it was error for the trial Judge to grant the motion without according appellant's counsel an opportunity to be heard.

The exceptions are therefore sustained, and it is the judgment of this Court that the order appealed from granting a new trial be, and the same is hereby, reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE COTHRAN did not participate on account of illness.